**N'Kenzi Iquay KENYATTA, Appellant,**

v.

**BOOKEY PACKING CO., DIVISION OF SWIFT & CO., Appellee.**

**No. 80–1774.**

United States Court of Appeals, Eighth Circuit.

Submitted April 3, 1981.

Decided May 15, 1981.

Shirley G. Steele, argued, Des Moines, Iowa, for appellant.

Steven K. Scharnberg, argued, Duncan, Jones, Riley & Finley, Des Moines, Iowa, for Bookey Packing Co.

Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.

STEPHENSON, Circuit Judge.

Plaintiff-appellant N'Kenzi Iquay Kenyatta appeals from the judgment of the district court[1] dismissing his claims of racial discrimination brought under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The district court concluded that the defendant-appellee employer did not (1) unlawfully terminate Kenyatta's employment with defendant because of his race; (2) unlawfully refuse to rehire Kenyatta because of his race; or (3) blacklist Kenyatta with other potential employers because of his race. On appeal Kenyatta first alleges the district court erred in not finding that he had established a prima facie case of racial discrimination in the termination and failure to rehire. Kenyatta then contends that the district court erred in finding that he had not shown defendant's proffered reasons for its actions to be a pretext for racial discrimination.[2] We affirm the district court.

## I. BACKGROUND

Kenyatta, a black, was employed by the defendant from May 25, 1975, to October 31, 1976. The district court found that, during his employment with the defendant, Kenyatta "was the victim of some racially motivated harassment and abuse by some fellow workers and two immediate supervisors."[3] At the time the defendant discharged Kenyatta, it stated the reason for its action was Kenyatta's chronic absenteeism.

The district court also found that defendant had a uniformly applied rule on absenteeism. The district court found that Kenyatta was aware of these absentee rules and regulations, which provide in pertinent part:

In the event of an unexcused absence or tardiness, the Company policy * * * shall be as follows:

(a) First offense, oral warning.

(b) Second offense, written warning stating that the next offense will result in a suspension of one (1) week.

(c) Third offense, suspension of one (1) week.

(d) Fourth offense, discharge.

Plaintiff was absent five times and tardy on at least twenty occasions. On his second absence, Kenyatta was given an oral warning, followed by a written warning for his third absence, a week's suspension for his fourth absence, and discharge for the fifth absence. The absences were all unexcused. The final decision to discharge Kenyatta was made by Roy Douglas Dennard, assistant to the superintendent. After his discharge, Kenyatta made unsuccessful efforts to be rehired by the defendant.[4]

The district court applied the principles of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

2. The district court dismissed Kenyatta's claim for unlawful termination under Title VII for failure to file with the Equal Employment Opportunity Commission or the proper state agency. That decision is not appealed. Kenyatta had also made allegations of discrimination by an employee credit union. The district court found there was no legal relationship shown between the defendant and the credit union and this finding is not challenged on appeal.

3. In paragraphs 15A and 16 of his complaint, Kenyatta appears to allege a cause of action for, and seeks damages as a result of this racial harassment. Despite the district court's findings that Kenyatta was a victim of such harassment, it awarded no damages on this basis and dismissed all of the counts in Kenyatta's complaint. This action by the district court was not appealed by Kenyatta and is therefore not before us.

4. Plaintiff also sought employment elsewhere and, on some occasions, the prospective employer contacted defendant. Dennard testified that he told these contacts that plaintiff was discharged for chronic absenteeism, but that plaintiff may have solved some of the problems which led to his absenteeism. The district court concluded that Kenyatta failed to establish a prima facie case of discrimination with regard to this alleged "blacklisting."

Although this blacklisting claim is not listed as a designated issue in plaintiff's notice of appeal, his brief on appeal alludes to this claim summarily. After examining the record, we are persuaded the district court's conclusion on this issue is amply supported by the evidence.

(1973), and assumed, without deciding, that Kenyatta established a prima facie case of racial discrimination in his discharge and the subsequent refusal to rehire him. The district court concluded that defendant had rebutted any prima facie case by the articulation of a legitimate, nondiscriminatory reason for its actions, i. e., Kenyatta's chronic absenteeism. The district court further concluded this reason was not shown by Kenyatta to be a pretext for what was, in reality, illegal discrimination.

## II. ANALYSIS

■ The district court dismissed Kenyatta's claim of discriminatory discharge under 42 U.S.C. § 2000e because no timely complaint had been filed with either the Iowa Civil Rights Commission or the Equal Employment Opportunity Commission. The cause of action for unlawful discharge under 42 U.S.C. § 1981 remained, as did Kenyatta's cause of action under both statutes for the defendant's alleged unlawful refusal to rehire him. The principles for the order and allocation of proof outlined in *McDonnell Douglas*[5] for Title VII claims of disparate treatment are also applicable to disparate treatment claims brought pursuant to 42 U.S.C. § 1981. *Person v. J. S. Alberici Construction Co.*, 640 F.2d 916, 918 (8th Cir. 1981).

■ In order to establish a prima facie case of racial discrimination for his discharge and the subsequent failure to rehire him, Kenyatta must demonstrate that (1) he belonged to a racial minority; (2) that he remains qualified for the job he was performing and has satisfied the normal requirements (and that he has reapplied); (3) that he was discharged and not rehired; and (4) after his discharge and the failure to rehire him, the employer continued to employ or seek to employ persons with Kenyatta's qualifications. *Id.* See *McDonnell Douglas Corp. v. Green, supra*, 411 U.S. at 802, 93 S.Ct. at 1824.

Although the district court did not make a specific finding as to whether Kenyatta established a prima facie case, it is our view that the evidence indicates Kenyatta satisfied this burden under the *McDonnell Douglas* analysis. "The burden of establishing a prima facie case of disparate treatment is not onerous. * * * The prima facie case serves an important function in the litigation: it eliminates the most common nondiscriminatory reasons for the plaintiff's rejection." *Texas Department of Community Affairs v. Burdine*, —— U.S. ——, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

■ The burden which then shifts to defendant is "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green, supra*, 411 U.S. at 802, 93 S.Ct. at 1824.[6] The Supreme Court has recently addressed the nature of this evidentiary burden in *Texas Department of Community Affairs v. Burdine, supra*. The Court stated:

> The burden that shifts to the defendant, therefore, is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. The defendant need not persuade the court that

---

**5.** In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), we set forth the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment. First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.*, at 802, 93 S.Ct., at 1824. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Id.*, 411 U.S. at 804, 93 S.Ct., at 1825.

*Texas Dep't of Community Affairs v. Burdine*, —— U.S. ——, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) (footnote omitted).

**6.** *See also Board of Trustees v. Sweeney*, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978); *Furnco Constr. Co. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978).

it was actually motivated by the proffered reasons. [citation omitted] It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. *To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant.* If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext. The sufficiency of the defendant's evidence should be evaluated by the extent to which it fulfills these functions.

*Id.* 101 S.Ct. at 1094–95 (footnotes omitted) (emphasis added).

Kenyatta does not disagree with the district court's conclusion that the defendant satisfied this intermediate evidentiary burden. The record discloses that the defendant's articulated reason for his discharge and the failure to rehire Kenyatta, *i. e.,* his chronic absenteeism, satisfied defendant's "burden of explaining clearly the nondiscriminatory reasons for its actions." *Id.* 101 S.Ct. at 1097.

Kenyatta argues that he has met his burden under *McDonnell Douglas* by showing that defendant's proffered reason was pretext. Kenyatta's burden is to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Department of Community Affairs v. Burdine, supra,* 101 S.Ct. at 1093 (citing *McDonnell Douglas Corp. v. Green, supra,* 411 U.S. at 804, 93 S.Ct. at 1825).

This burden now merges with the ultimate burden of persuading the court that [the employee] has been the victim of intentional discrimination. [The employee] may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.

*Texas Department of Community Affairs v. Burdine, supra,* 101 S.Ct. at 1095.

The district court concluded that pretext was not demonstrated and "[r]ace was not a factor in defendant's decisions to discharge plaintiff and not rehire him." With regard to his discharge, Kenyatta attempted to show pretext by demonstrating that several white employees were not discharged for violating the defendant's absentee rules. The defendant's witnesses rebutted this testimony by testifying from company records that none of these employees had four unexcused absences. There was evidence from the defendant's witnesses that the absentee rules had been uniformly applied. Given this evidence, we cannot say the district court's finding that the absentee rules were uniformly applied is clearly erroneous. *See Strecker v. Grand Forks County Social Service Board,* 640 F.2d 96, 99 (8th Cir. 1980) (en banc).

With regard to his claim of defendant's unlawful failure to rehire him, Kenyatta attempted to establish pretext by showing that several whites who had been discharged for absenteeism or other rules' violations were rehired by the defendant. Defendant's witnesses rebutted this testimony by testifying that the employees mentioned by Kenyatta had merely been suspended and reinstated, or had voluntarily terminated their employment and were subsequently rehired. There was one employee who had been terminated for absenteeism, and later reinstated, but the evidence established this was done following a union grievance procedure. On this basis, we cannot say that the district court's finding that "defendant never rehired former employees who had proved to be chronically bad-habited, such

as those who had a record of chronic absenteeism or tardyism," is clearly erroneous.

The judgment of the district court is affirmed.