**Aussie L. ROBINSON, Appellant,**

v.

**MONSANTO COMPANY, Appellee.**

**Nos. 83–2142, 83–2512.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1984.

Decided April 1, 1985.

Anne V. Maloney, St. Louis, Mo., for appellant.

William T. Weidle, Jr., St. Louis, Mo., for appellee.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

BRIGHT, Circuit Judge.

Aussie Robinson brought this action alleging that Monsanto Company discriminated against him on the basis of his race in violation of Title VII and 42 U.S.C. § 1981. The jury returned a verdict on the section 1981 claim in favor of Monsanto and the district court[1] entered judgment on the Title VII claim in favor of Monsanto. For reversal, Robinson argues that: (1) the magistrate did not have jurisdiction to hear the case; (2) the court erred in not holding an evidentiary hearing to determine whether a juror's nondisclosure of information on voir dire prejudiced Robinson's right to a fair trial; and (3) the court erred in giving the jury an instruction which placed too heavy a burden of proof on Robinson with regard to his retaliatory discharge claim. Monsanto cross-appeals from the court's denial of its motion for attorneys' fees. We affirm.

## I. BACKGROUND.

In April of 1972, Monsanto hired Robinson as a Manufacturing Costs Analyst. Robinson's only promotion was to the position of Financial Accounting Supervisor in May of 1976. In October of 1981, Robinson filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that Monsanto had discriminated against him by failing to promote him and provide him with additional training. The EEOC issued a right to sue letter in February of 1982, and Robinson filed his suit in May of 1982. On June 30, 1982, Monsanto discharged Robinson.

---

1. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri, presiding by designation and consent of the parties pursuant to 28 U.S.C. § 636(c) (1982).

By agreement of the parties, the suit was transferred from the district court to a magistrate pursuant to 28 U.S.C. § 636. After the jury reached a verdict in favor of Monsanto on the section 1981 claim, Robinson submitted a motion to the court requesting an evidentiary hearing to determine whether one of the jurors was biased and whether Robinson was entitled to a new trial. The court denied this motion and subsequently entered judgment for Monsanto on the Title VII claim. Thereafter, Monsanto filed a motion for an award of reasonable attorneys' fees, which the district court denied. This appeal followed.

## II. DISCUSSION.

### A. Jurisdiction of the Magistrate to Hear the Case.

■■■■ Although this case was referred to the magistrate by consent of the parties pursuant to 28 U.S.C. § 636, Robinson contends that the magistrate lacked jurisdiction to hear the matter. He asserts that section 636(c) violates article III of the Constitution. This court, sitting en banc, has recently upheld the constitutionality of section 636(c) and that holding is dispositive in this case. *Lehman Brothers Kuhn Loeb Inc. v. Clark Oil & Refining Corp.*, 739 F.2d 1313 (8th Cir.1984) (en banc). Consequently, Robinson is not entitled to relief on this ground.

### B. Denial of Motion for an Evidentiary Hearing to Determine Juror Misconduct.

During voir dire, juror June Jecha disclosed that she worked as a real estate agent at the Ira Berry Real Estate office in Creve Coeur, Missouri. Coincidentally, Robinson had a real estate license and worked out of the same office, but was not acquainted with Ms. Jecha. In response to general questions to all the jurors, Ms. Jecha indicated that she believed she could be impartial and that nothing in her em-

ployment situation would bias her judgment in this case.

After the trial, Robinson discovered that the real estate office where juror Jecha was employed received real estate listings from Monsanto for property owned by Monsanto employees who were being transferred. In his motion for an evidentiary hearing into the matter, Robinson did not allege that Jecha had personally benefitted from this business relationship. However, Robinson contends that Jecha should have disclosed the relationship in response to counsel's general questions regarding each juror's ability to remain impartial.[2] Robinson submits that admission of any business relationship with Monsanto would have been a major factor in deciding whether to strike a juror. Thus, he argues that the magistrate erred in denying his motion for an evidentiary hearing to determine whether he was entitled to a new trial due to the possible misconduct of juror Jecha.

■■■■ The denial of such a motion is within the discretion of the trial court and will be reversed only for abuse of discretion or a clear error of law in the exercise of that discretion. *McCoy v. Goldston*, 652 F.2d 654, 657 (6th Cir.1981). An evidentiary hearing on a juror's alleged failure to disclose information during voir dire must be granted when the movant has alleged facts which establish a prima facie case that his "right to a peremptory challenge was prejudicially impaired." *Id.* at 657–58 (quoting *Vezina v. Theriot Marine Service, Inc.*, 554 F.2d 654, 656 (5th Cir.1977)). The court must first determine whether a juror deliberately concealed information or purposefully gave incorrect responses. Factors in this determination include whether the voir dire questions or responses put the juror on notice that a particular answer was required. *Id.* at 658. The court must then consider whether "the undisclosed information is indicative of probable bias concerning either a material aspect of the litigation or its outcome." *Id.* at 659.

---

2. The most direct question asked on this point was: "[i]s there anything in your employment situation which you can think may have created some bias or prejudice on your part?"

As the magistrate noted in his denial of the motion, the jurors were asked no direct questions regarding their own business relations or the business relations of their employers with Monsanto. Robinson failed to demonstrate that Jecha deliberately concealed any information or that the alleged business association in any way indicated Jecha's probable bias in favor of Monsanto with regard to a claim of racial discrimination. Furthermore, the right to challenge a juror is waived by failure to object at the time the jury is empaneled if the basis for objection might have been discovered during voir dire. *Johnson v. Hill,* 274 F.2d 110, 116 (8th Cir.1960); *Morrison v. Ted Wilkerson, Inc.,* 343 F.Supp. 1319, 1331–32 (D.Mo.1971). Accordingly, we hold that the magistrate properly denied an evidentiary hearing into this matter.

### C. Propriety of the Verdict Director.

Robinson attacks the propriety of the verdict director given in connection with his claim of retaliatory discharge. That verdict director read as follows:

> Your verdict must be for Plaintiff, Aussie Robinson, and against Defendant, Monsanto Company, if Plaintiff established by a preponderance of the evidence,
>
> > first, that he was a black employee of Defendant, Monsanto Company;
> >
> > second, that he filed a complaint of racial discrimination with the Equal Employment Opportunity Commission;
> >
> > third, that he was thereafter terminated from his employment by Defendant, and
> >
> > fourth, that Defendant's action in terminating Plaintiff from his employment was intentional and would not have occurred had Plaintiff not filed his complaint of racial discrimination

with the Equal Employment Opportunity Commission; and

> > fifth, Plaintiff was thereby damaged.

Robinson asserts that this verdict director placed too heavy a burden of proof on him. In addition, he contends that the jury was not properly instructed on the burden shifts in discrimination claims. We disagree.

We note preliminarily that, in order to determine whether an error in an instruction constitutes reversible error, the "[i]nstructions must be 'read as a whole and considered in light of the entire charge.'" *Crimm v. Missouri Pacific Railroad Co.,* 750 F.2d 703, 710–11 (8th Cir.1984) (quoting *Tribble v. Westinghouse Electric Corp.,* 669 F.2d 1193, 1197 (8th Cir.1982), *cert. denied,* 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983)). Instructions should correctly state the law and not be unfair or prejudicial to either the plaintiff or defendant. *Id.* at 711. However, "'the fact that the instructions are technically imperfect or are not a model of clarity does not render the charge erroneous.'" *Id.* (quoting *Tribble,* 669 F.2d at 1197).

We reject Robinson's contention that the verdict director placed too heavy a burden of proof on him. When read in conjunction with the other instructions, the director is consistent with the basic legal principles applicable in retaliatory discharge claims set forth by this court in *Womack v. Munson,* 619 F.2d 1292 (8th Cir.1980), *cert. denied,* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). These principles dictate that once the plaintiff makes a prima facie case of retaliatory termination,[3] the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the dismissal.[4] *Id.* at 1296. Under this analysis, Monsanto did not have to prove the absence of retaliatory motive, but only had to produce evidence to

---

**3.** To make this prima facie case, Robinson had to show: (1) participation in protected conduct, (2) adverse employment action, and (3) a causal connection between the two. *Womack,* 619 F.2d at 1296.

**4.** This court has determined that the allocation of the burden of proof in Title VII actions applies as well to actions brought under 42 U.S.C. § 1981. *Person v. J.S. Alberici Construction Co.,* 640 F.2d 916, 918 (8th Cir.1981).

dispel the inference of retaliation by establishing a legitimate reason for the discharge. *Id.* If the employer produces evidence of a reason other than retaliation for the discharge, the plaintiff may still prevail by proving that the employer's reason is merely a pretext. *Id.* The overall burden of persuasion remains at all times with the plaintiff. *Goodwin v. Circuit Court,* 729 F.2d 541, 545 (8th Cir.1984).

The verdict director properly set forth the elements of plaintiff's prima facie case and clearly required the jury to reach a verdict in Robinson's favor if it found that Monsanto had unlawfully retaliated against him. In addition, the instruction immediately preceding this verdict director informed the jury that "it is not unlawful for an employer to terminate an employee so long as the fact that the employee filed a claim with the [EEOC] * * * was not a determining factor in the employer's decision to terminate the employee." Taken together, these instructions clearly informed the jury of the proper legal standard in a retaliatory discharge case. Moreover, the record indicates that sufficient evidence existed for the jury to conclude that the discharge would have taken place even if Robinson had not filed his EEOC complaint.

■■■ Robinson also contends that the court erred in failing to instruct the jury that the burden of persuasion shifts to the defendant after proof of a prima facie case by the plaintiff. We conclude that it was unnecessary to do so. It is clear that, after Robinson made his prima facie case, Monsanto came forward with persuasive evidence of reasons other than retaliation for the discharge. It was not necessary to instruct the jury that it was Monsanto's burden to come forward with that evidence.[5]

### D. The Denial of Monsanto's Motion for Attorneys' Fees.

After the jury returned its verdict and the magistrate entered judgment, Monsanto filed a motion for an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, which the magistrate denied. Monsanto contends that the court abused its discretion in denying this motion because the weight of the evidence established that Robinson's suit was frivolous and vexatious. In support of this contention, Monsanto asserts that Robinson brought suit without proof of purposeful discrimination or that he was treated differently than similarly situated white persons. In addition, Monsanto submits that Robinson's suit constituted a deliberate exploitation of the civil rights laws. We disagree.

■■■ The award of attorneys' fees lies within the sound discretion of the trial court. *Obin v. District No. 9 of the Int'l Ass'n of Machinists and Aerospace Workers,* 651 F.2d 574, 586 (8th Cir.1981). An award of attorneys' fees to a prevailing defendant in a civil rights suit is warranted only if the court finds that the plaintiff's claim was frivolous, unreasonable, or without foundation, or if the action was brought in bad faith. *Id.* at 577. In deciding whether to grant such a motion, the Supreme Court has cautioned that "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978).

■■■ The trial of Robinson's action lasted five days. The magistrate denied both Monsanto's and Robinson's motions for a directed verdict, indicating that the case had sufficient merit to proceed to the jury. The court found, with respect to the Title VII claim, that in four of the years in which Robinson was not promoted (1977–

---

5. We also note that the instructions are consistent with the burdens of proof in discrimination claims set forth in *Texas Dep't of Community* *Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

1980), his performance was rated satisfactory or better, and white employees with comparable ratings were promoted. The court also found that Monsanto's personnel director wrote a confidential memo to a Monsanto attorney in 1979 describing Robinson as a black employee who was active in the National Association of Black Accountants and who was close to other black employees. Both of these findings indicate that Robinson had some factual basis for his claims. Finally, in denying the motion for attorneys' fees, the magistrate concluded that the record did not clearly establish that Robinson's claim was brought frivolously, unreasonably, or in bad faith. We conclude, therefore, that the court properly denied Monsanto's motion for attorneys' fees.

For the reasons set forth above, the judgment of the district court is affirmed.