**GOLDEN RULE INSURANCE COMPANY, An Illinois Insurance Company, Appellant,**

v.

**Patricia M. WELSH, Appellee.**

**No. 85–2070.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1986.

Decided Aug. 22, 1986.

Guy E. McGaughey, Jr., Laurenceville, Ill., for appellant.

Sarah J. Shofstall, Kearney, Neb., for appellee.

Before LAY, Chief Judge, and ROSS and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Golden Rule Insurance Company appeals the entry after a bench trial of judgment against it in its action seeking to declare invalid a health insurance policy issued to Patricia Welsh. The district court[1] held that Golden Rule failed to prove a sufficient misrepresentation under Nebraska law to avoid liability on the policy. We affirm.

Welsh at the suggestion of her insurance agent had become interested in changing health insurance carriers, and on May 9, 1983, she filled out an application to Golden Rule. In relevant detail, she listed her weight as 180 pounds and answered "No" to the question whether within the past ten years she had had "any indication, diagnosis, or treatment of cancer, tumor, cyst, or growth of any kind." She reported that she had had a complete hysterectomy in July 1981; but when a Golden Rule underwriter called to ask for more information, she said the operation had not involved a malignancy. Golden Rule issued the policy.

In January 1984, following surgery for lung cancer, Welsh submitted a claim for benefits to Golden Rule. The insurance company in investigating that claim discovered that the postoperative pathology report from Welsh's hysterectomy had showed "carcinoma in situ of the uterine cervix" and that Welsh at the time of her application likely was about 35 pounds heavier than she stated. Because of these discrepancies (among others), Golden Rule denied Welsh's claim for benefits, announced it was setting aside her policy for misrepresentation, and refunded the premiums she had paid.

Under Nebraska law, an insurer may avoid liability on a policy on the basis of false statements in the application only if it proves, "among other things, that the misrepresentations were made knowingly with intent to deceive, that the insurer relied and acted upon such statements, and that the insurer was deceived to its injury." *White v. Medico Life Insurance Co.*, 212 Neb. 901, 327 N.W.2d 606, 609–10 (1982); *see also* Neb.Rev.Stat. § 44–358 (1984); *id.* § 44–710.14 (false statement must have "materially affected either the acceptance of the risk or the hazard assumed by the insurer"). The district court found that Welsh's false statement regarding the cancer was not made knowingly because, even if she had been told of the diagnosis of "carcinoma," she had not understood that that meant cancer or malignancy, and that Welsh's false statement regarding her weight was not made with intent to deceive.

■ Golden Rule argues that Welsh had to have known that she had cancer because she knew, in her own words, that the hys-

1. The Honorable Warren K. Urbom, United States District Judge (then Chief Judge) for the District of Nebraska.

terectomy was necessary because of her "diseased and dangerous uterus" and because any woman of average intelligence would have known from the tests and procedures leading up to the operation that the doctors' concern was with cancer. Golden Rule further asserts that it is incredible that the court, in the face of testimony to the contrary by the doctors, believed Welsh's "totally impeached" testimony that her doctors did not explain her medical problems to her in terms of cancer or malignancy.

We may, however, set aside a district court's factual findings only if clearly erroneous. *See* Fed.R.Civ.P. 52(a). This means that regardless of how we might have decided the case ourselves, we may not reverse unless " 'on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *see O'Connor v. Peru State College*, 781 F.2d 632, 634 (8th Cir.1986). When there are two permissible views of the evidence, the factfinder's view must prevail. *O'Connor*, 781 F.2d at 634. Furthermore, findings based on determinations regarding the credibility of witnesses are entitled to particular deference and may "virtually never" be clearly erroneous. *Anderson*, 105 S.Ct. at 1513; *see Davis v. Lambert of Arkansas, Inc.*, 781 F.2d 658, 660 (8th Cir.1986). The district court in this case gave the testimony of the doctors less weight than would Golden Rule, observing that although the doctors testified that they normally would have explained carcinoma to a patient in Welsh's situation, they had no recollection of actual conversations with Welsh. In addition, the court commented on the lengthy, technical, and guarded explanations given by the doctors when asked if Welsh had indeed had cancer and concluded that the emphasis of the doctors in treating Welsh had been not in explaining cancer to her but in explaining that her problem was cured and that she was not in danger. The district court did not clearly err in finding that Welsh never understood that she had had cancer or a malignancy.

■ Turning to the district court's conclusion that Welsh had no intent to deceive when she misrepresented her weight on the insurance application, Golden Rule attempts to avoid this finding by making the issue a matter of law. Golden Rule relies on the reasoning in *White* that "when an applicant makes an untrue statement with respect to a material fact peculiarly within his knowledge, the finder of fact may, from the mere occurrence of the false statement, conclude it was made knowingly with intent to deceive." 327 N.W.2d at 610. Golden Rule, however, cites no precedent indicating that in Nebraska this inference is mandatory, rather than permissive. The district court apparently credited Welsh's testimony that, since her weight fluctuated widely and she did not know her exact weight at that time, she put down on her application a figure which she thought approximated the weight listed on her drivers license (although the license was shown at trial to have said 185, rather than 180). The finding of the court that Welsh did not intend to deceive Golden Rule regarding her weight is not clearly erroneous.

We have carefully considered Golden Rule's arguments with respect to various other false statements by Welsh not detailed above, and we cannot find that the district court clearly erred in finding no intent to deceive with respect to those discrepancies either.

The judgment of the district court is affirmed.