Thomas BASS and Regina Mickens, Appellees,

v.

SOUTHWESTERN BELL TELEPHONE, INC., Appellant,

AT & T Information Systems, Inc., Albert Fields.

No. 86–1662.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1987.

Decided April 21, 1987.

Patricia J. Nobles, Little Rock, Ark., for appellant.

Ralph Washington, Little Rock, Ark., for appellees.

Before ROSS, BOWMAN and MAGILL, Circuit Judges.

ROSS, Circuit Judge.

Southwestern Bell Telephone Company appeals from an order of the district court [1] denying its request for attorneys' fees pursuant to 42 U.S.C. § 1988 and Rule 11 of the Federal Rules of Civil Procedure. Because we cannot say the court abused its discretion in denying the fees, we affirm the district court order.

[1] The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

## I.

On March 9, 1984, Thomas Bass and Regina Mickens filed a 42 U.S.C. § 1981 action against Southwestern Bell Telephone Company (Southwestern Bell), their former employer, and AT & T Information Systems, Inc. (ATT–IS), their current employer. Plaintiffs alleged that Southwestern Bell intentionally discriminated against them because of their race in not promoting them to managerial positions. Plaintiffs specifically stated that they had been denied promotions to the positions of account executive and customer service representative—business systems. Albert Fields filed a motion to intervene in September 1984. In his complaint plaintiff-intervenor made similar allegations of intentional race discrimination against Southwestern Bell and ATT–IS. In January 1985 plaintiffs and plaintiff-intervenor amended their complaints to add claims for discriminatory denial of promotions to additional positions which included customer service supervisor—administration, customer service supervisor—executive communications center, and customer service supervisor—phone power specialist. Plaintiffs and plaintiff-intervenor also alleged that Southwestern Bell intentionally discriminated against them by failing to notify them of opportunities for promotion. They stated they found out about vacancies only after they had been filled. Finally, plaintiffs and plaintiff-intervenor alleged that Southwestern Bell intentionally discriminated against them through the subjective assessment role-play portion of the test for managerial positions.

On September 10, 1986 trial in this matter began. On the second day of the trial, plaintiffs and plaintiff-intervenor moved to dismiss Southwestern Bell with prejudice. On October 15, 1986 Southwestern Bell filed a motion for attorneys' fees and costs. Southwestern Bell argued that attorneys' fees were warranted under 42 U.S.C. § 1988.[2] Southwestern Bell alleged that plaintiffs' suit was brought in bad faith, was frivolous, and was brought only for harassment or a vexatious purpose. In the alternative it alleged plaintiffs continued to litigate their claims long after they knew or should have known their claims against Southwestern Bell were groundless. Southwestern Bell also contended that fees were mandated under FED.R.CIV.P. 11[3] on the ground that counsel for plaintiffs and intervenor failed to conduct a reasonable inquiry as to whether the allegations in their complaints were well grounded in fact and in law.

■ The district court looked to *Christiansburg Garment Co. v. EEOC*, 434 U.S.

---

2. Section 1988 provides in part: "In any action or proceeding to enforce * * * section[ ] 1981 * * * the court, in its discretion, may allow the prevailing party * * * a reasonable attorney's fee as part of the costs." (As amended Oct. 21, 1980; effective Oct. 1, 1981).

3. Rule 11. Signing of Pleadings, Motions, and Other Papers; Sanctions

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The rule in equity that the averments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. (As amended Apr. 28, 1983, eff. Aug. 1, 1983.)

412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) for the applicable standard when a defendant moves for attorneys' fees under section 1988. Attorney fees can be awarded upon a finding that the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421, 98 S.Ct. at 700; *American Family Life Assur. Co. v. Teasdale,* 733 F.2d 559, 569 (8th Cir.1984). The district court, in denying attorneys' fees in this case, stated that it could not say the complaint against Southwestern Bell "was initiated without a reasonable basis or that the suit was continued after it became apparent that the claims were groundless." *Bass v. Southwestern Bell Telephone Co.,* No. LR-C-84-254, slip op. at 3, (E.D.Ark., Apr. 17, 1986). Further, the district court said the evidence did not support a finding that the suit against Southwestern Bell was frivolous, unreasonable, without foundation, or instituted for oppressive reasons. *Id.* The district court found that although Southwestern Bell was the prevailing party, *see Schwarz v. Folloder,* 767 F.2d 125, 130 (5th Cir.1985), it was not entitled to attorney fees under section 1988 or Rule 11.

## II.

On appeal Southwestern Bell alleges that the district court's holding is without support from the evidence. It contends that the record shows that, at the very least, plaintiffs and plaintiff-intervenor continued to litigate their claims long after it was apparent, or should have been apparent, that their claims were frivolous. Southwestern Bell says plaintiffs knew or should have known by long before trial from responses to their interrogatories that the criteria for promotion to the managerial positions were that one must pass the assessment test and perform well on the job. Southwestern Bell argued that plaintiff Mickens had received less than satisfactory job ratings during the relevant time,[4] and that plaintiff Bass and plaintiff-intervenor Fields both failed the assessment portion of

the test. Southwestern Bell contends that several of the positions which plaintiffs and plaintiff-intervenor say they were denied had no openings during the relevant period. Southwestern Bell also argued that plaintiffs never made inquiry into who designed or selected their assessment test in order to support claims that the test was discriminatory. Southwestern Bell says plaintiffs' claims were "frivolous, unreasonable and without foundation" and that under *Christiansburg Garment, supra,* they are entitled to fees under section 1988 and that the district court erred in denying them.

Southwestern Bell also argues that the district court abused its discretion in denying attorney's fees under FED.R.CIV.P. 11. It contends that plaintiffs' and plaintiff-intervenor's counsel either failed to make reasonable inquiry into whether the promotion or testing claims were well founded in fact and law or failed to dismiss those claims once counsel possessed information which indicated the claims were groundless.

Plaintiffs and intervenor contend that the evidence showed they were qualified for the positions, that the discriminatory administration of the assessment part of the test prevented them from becoming eligible and that these positions were filled during the relevant time. Plaintiffs argue that Southwestern Bell admits in its trial brief that Thomas Bass could establish a *prima facie* case of racial discrimination with respect to one of the positions. Therefore, the claim was not groundless or frivolous. In addition, even if plaintiffs failed to meet their ultimate burden of proof in demonstrating liability against Southwestern Bell, they maintain this does not make the case frivolous or meritless. Plaintiffs say they didn't need a testing expert to analyze what they perceived to be intentional overt racial discrimination.

## III.

"The award of attorneys' fees lies within the sound discretion of the trial court." *Robinson v. Monsanto Co.,* 758

4. The parties considered the relevant time period to be from March 9, 1981 forward for plaintiffs Bass and Mickens, and from September 7, 1981 forward for plaintiff-intervenor Fields.

F.2d 331, 336 (8th Cir.1985); *see also Wilmington v. J.I. Case Co.,* 793 F.2d 909, 923 (8th Cir.1986); *Wrenn v. Gould,* 808 F.2d 493, 504 (6th Cir.1987). The standard for an award of attorney's fees to a prevailing defendant in a civil rights suit, as set forth in *Christiansburg Garment, supra,* 434 U.S. at 421, 98 S.Ct. at 700, is warranted only if the court finds that the plaintiff's claim was frivolous, unreasonable, or without foundation. *Robinson, supra,* 758 F.2d at 336. The district court found that the case against Southwestern Bell was weak at the point of dismissal, but could not say that the complaint was initiated without a reasonable basis or that the suit was continued after it was apparent that the claims were groundless. The Supreme Court cautioned in *Christiansburg Garment, supra,* that a district court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421–22, 98 S.Ct. at 700. The district court said the evidence here did not support such a finding. Judging the district court's determination under a standard of substantial deference, the decision to deny fees "is not so far out of bounds as to justify our coming to a different conclusion at the appellate level. The imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Int'l Corp.,* 812 F.2d 393, 395 (8th Cir.1987). While this is a close case, we find no abuse of discretion here. The order of the district court is affirmed.