Melvin **SCATES**, et al., Plaintiffs,

v.

**UNITED PAPERWORKERS INTERNATIONAL UNION, AFL–CIO, LOCAL 369 CROSSETT, ARKANSAS,** Defendants.

No. 86–1044.

United States District Court,
W.D. Arkansas,
El Dorado Division.

Jan. 23, 1989.

Robert C. Compton and Carol Anthony, Compton, Prewett, Thomas & Hickey, El Dorado, Ark., for plaintiffs.

Phillip E. Kaplan, Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

This action was commenced with the filing of complaint by the plaintiffs, Melvin Scates and numerous other named persons, April 7, 1986. They were members of the United Paperworkers International Union, AFL–CIO, Local 369 at Crossett, Arkansas. The members of the Union claimed a breach of duty by the defendants to fairly represent them as provided under Section 301 of the Labor Management Relations Act (LMRA), 1947, (29 U.S.C. § 185).

After substantial discovery over an extended period of time, the case was scheduled for trial to a jury to commence October 24, 1988.

It was stipulated by the parties that there are sixty-two named plaintiffs which would require a great deal of time to present to the court and jury. The stipulation acknowledged that some or all of the plaintiffs' testimony would be cumulative to the testimony of other plaintiffs. The stipulation was entered October 27, 1988, at the conclusion of four days of trial. A representative group of the plaintiffs had already testified and that the testimony of additional witnesses could not add anything to the claims and complaints if additional witnesses were called. It was, therefore, stipulated that the testimony of the plaintiffs who testified should be considered as a whole on behalf of the entire group.

The trial of the case was extensive and continued to and included October 24, 1988, through November 3, 1988, an actual trial of nine days.

After the conclusion of the trial counsel for the parties summed up their respective contentions to the jury after which time the Court instructed the jury as to the applicable law for the jury's guidance in their determination of the case. After substantial deliberation by the jury a verdict was reported in favor of the defendants, United Paperworkers International Union, AFL–CIO, Local 369, Crossett, Arkansas, and against the Plaintiffs Melvin Scates, et al. Judgment in accordance with the jury verdict was entered by the Court November 16, 1988, in which the complaint of the plaintiffs was dismissed with prejudice.

Subsequently counsel for the defendants filed with the clerk a Bill of Costs on behalf of the defendants against the plaintiffs seeking recovery of the sum of $3,013.51 as costs incident to taking of depositions by the defendants preliminary to the trial of the case. Counsel on behalf of the defendants identified and itemized the names and sums of those deposed by the defendants.

Additionally, the record discloses that those deposed were Mr. Tom Nix on two occasions. Plaintiffs Sharp, Stanley and Scates on another occasion, and at a different time Plaintiffs Williamson, Thrower, Ferguson, Sullivan, Crossley, Sylvester, Crisp, Works and Braggs. A review of the record reveals that Mr. Tom Nix who was deposed on two occasions and the named plaintiffs, most if not all, testified during the course of the trial. Also, portions of depositions by eight of the plaintiffs were read to the jury.

The Bill of Costs submitted on behalf of the defendants was based on the fact that the defendants were the prevailing parties in the litigation. No brief was submitted by counsel for the defendants in justification of their claim for costs in connection with the depositions referred to herein.

Counsel for the plaintiffs timely filed an objection to the request for costs contending that the costs as requested were not recoverable as listed by the defendants. A

brief in support of the opposition to the Bill of Costs was filed on behalf of the plaintiffs. The objection to the claim of the defendants as the prevailing party to the Bill of Costs was based primarily on a decision by the Honorable H. Franklin Waters, Chief Judge of the Western District of Arkansas, Evans v. Fuller, 94 F.R.D. 311 (WD Ark.1982).

Although more than thirty days has elapsed since the plaintiffs filed objections to the Bill of Costs, counsel for the defendants has failed to respond to the plaintiffs' objections.

The question of defendants recovery of costs of litigation as prevailing parties to litigation has been a subject of consideration by various courts throughout the history of judicial procedures in this country. In the instant action counsel for the defendants relies on Title 28 U.S.C. § 1920 which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. Rule 54(d) of the Federal Rules of Civil Procedure provides: "Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *.

Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." [1]

In *Farmer v. Arabian American Oil Company,* 379 U.S. 227, 232, 85 S.Ct. 411, 415, 13 L.Ed.2d 248 (1964), the Supreme Court in commenting on the rule stated: "While this Rule could be far more definite as to what 'costs shall be allowed,' the words 'unless the court otherwise directs' quite plainly vest some power in the court to allow some 'costs.' " This rule as stated by the Supreme Court is based on the well-established law that a prevailing defendant is entitled to costs and attorney's fees only if the action of the plaintiff was considered to be "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Robinson v. Monsanto Co.,* 758 F.2d 331, 336 (8th Cir.1985); *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Bass v. Southwestern Bell Telephone Company, Inc.,* 817 F.2d 44 (8th Cir.1987); *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

It has been held that the expenses of a deposition may be taxed as costs if it is received in evidence, but such is not always the fact. Compare *Cox v. Maddux,* 285 F.Supp. 876 (W.D.Ark.1968) and *Banks v. Chicago Mill & Lumber Co.,* 106 F.Supp. 234 (E.D.Ark.1950). * * * It has been held that the expenses of a deposition is taxable even though not used at trial, if it seemed necessary at the time it was taken. *Koppinger v. Cullen–Schiltz & Assoc.,* 513 F.2d 901 (8th Cir.1975).

More recently in consideration of an issue involving entitlement by expert witnesses to costs for services the U.S. Supreme Court held in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), that Rule 54(d) of the Federal Rules of Civil Procedure does not give the federal courts the power to evade the provisions included in 28 U.S.C. § 1821 embodied in 28 U.S.C.

---

1. OF COURSE. That which may be done in the course of legal proceedings without making any application to the court; that which is granted by the court, without further inquiry, upon its being asked: as, a rule to plead is a matter of course.

§ 1920 as to the kind of expenses that may be taxed as costs, and may not exceed this limitation when a prevailing party seeks reimbursement of fees paid to its own expert witnesses. The court there stated in paragraph [1b] "We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 USC § 1821 and § 1920 [28 USCS § 1821 and § 1920]."

This rule as stated by the Supreme Court when viewed in the light of the established rule of the discretionary authority of the court indicates that the district court has the power of decision in deciding on whether the litigation from the outset was frivolous, unreasonable, or without foundation. Consequently, the trial judge has the primary authority to determine under the circumstances the issue of costs a prevailing defendant would be entitled to receive absent "abuse of discretion."

Since *Crawford, supra,* our Eighth Circuit Court of Appeals has considered this matter of costs in *Pershern v. Fiatallis North America, Inc.,* 834 F.2d 136 (1987). At page 139 the court concluded:

"Finally, both parties appeal the district court's order concerning costs. After the clerk declined to award all the expenses detailed by Fiatallis in its bill of costs, Fiatallis sought review by the district court of the clerk's determinations. The district court reviewed the bill of costs and granted some but not all of Fiatallis' additional requests.

"At issue are the costs of the state court filing fee incurred before removal of the case to federal court and the removal bond premium, as well as certain deposition transcripts, medical records, and expert witness fees. The claim does not involve attorney fees. Fiatallis conceded at oral argument it is not entitled to expert witness fees in excess of the thirty dollars per day already allowed by the district court, but reaffirmed its cross-appeal on the remaining costs. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 2496, 2499, 96 L.Ed.2d 385 (1987); 28 U.S.C. § 1821.

"Recovery of costs in the district court is generally governed by statute and the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1920; Fed.R.Civ.P. 54(d). Section 1920 defines 'expenses that a federal court may tax as a cost under the discretionary authority found in [r]ule 54(d).' *Crawford Fitting Co.,* 107 S.Ct. at 2497. Thus, not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case. *Id."*

The ruling just referred to above, concluded: "after reviewing the record, we find no abuse of discretion by the district court in its treatment of costs, and the balance of its order on the matter is affirmed."

It appears to this Court that the last decision on the Court's authority to consider the Bill of Costs, under the circumstances, establishes that this court has under the standard of "discretionary authority" to consider costs in some case wherein the defendant was the prevailing party to the litigation.

However, it appears to the Court that this authority is not unlimited. If the costs claimed by the defendant appears to be unreasonable or unnecessary the court under the discretion rule may deny costs.

The Court is of the opinion that it is unnecessary to reach the question of "frivolous, unreasonable, or without foundation." In the instant case it appears to the Court that it was not necessary for the defendant to depose the witnesses who primarily lived in the area and were available. In fact, they were available and did testify. Deposing of the witnesses appears to be merely discovery and not for the purpose of utilizing the transcripts of the witnesses for the purpose of trial. Applying the discretionary rule it appears to the Court that the depositions were unnecessary except for the edification of the attorneys on behalf of their clients. Applying this rule of reason the Court is of the opinion that the

request of the defendants, even though the prevailing party in the litigation should be denied.

A separate Judgment will be entered simultaneously with this Opinion.