# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1235

_____

| | | |
|---|---|---|
| Deborah Robinson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Barnes Hospital, | * | Eastern District of Missouri |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted:  March 2, 2000

Filed:  March 28, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

PER CURIAM.

Deborah Robinson appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri granting summary judgment in favor of defendant Barnes-Jewish Hospital (BJC) in her employment discrimination action.  For reversal, Robinson argues that her appointed counsel was ineffective and that she created a

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

genuine issue of material fact sufficient to preclude summary judgment. For the reasons discussed below, we affirm the judgment of the district court.

Robinson, an African-American woman, was employed by BJC as an anesthesia technician. On March 1, 1994, BJC implemented a new policy that employees with substandard attendance within the previous twelve months were ineligible for promotion or transfer. On April 1, 1996, BJC adopted a new attendance policy. Robinson thereafter applied for several transfers and a promotion, which BJC denied on the grounds that she was not eligible for promotion or transfer because she had violated the attendance policy. Robinson was later terminated, for subsequent violations of the attendance policy and for failing to follow an "action plan" she had developed with BJC's Employee Assistance Program officer.

Initially, we hold that the district court properly applied the burden-shifting analysis from McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), because Robinson did not present direct evidence of intentional discrimination. We agree with the district court that Robinson did not make out a prima facie case of discriminatory failure to promote. The record shows that, based on the new promotion/transfer policy, she was not qualified for a transfer or promotion because of her attendance problems, and she also did not show that a person outside the protected class was promoted in her place, or that the promoted employees were similarly situated to her. See Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) (elements of prima facie case).

Although Robinson may have stated a prima facie case with regard to her discriminatory discharge claim, we agree with the district court that BJC provided a legitimate, non-discriminatory reason for her termination--repeated violation of BJC's attendance policy--and that Robinson failed to show BJC's reason was pretextual. See Thomas v. Runyon, 108 F.3d 957, 959 (8th Cir. 1997) (if defendant advances non-discriminatory reason, plaintiff must prove reason is pretext for illegal discrimination);

<u>Kenyatta v. Bookey Packing Co.</u>, 649 F.2d 552, 555 (8th Cir. 1981) (chronic absenteeism satisfied defendant's burden of articulating non-discriminatory reason for discharge). Although Robinson renews her argument that a white employee with the same attendance record was given preferential treatment, she failed to rebut BJC's evidence that she and the white employee were disciplined similarly until Robinson progressed further down BJC's corrective action matrix, or to rebut BJC's evidence that certain absences were properly counted against Robinson for purposes of determining her violation of the attendance policy.

Finally, we conclude that Robinson's ineffective assistance argument fails. <u>See</u> <u>Glick v. Henderson</u>, 855 F.2d 536, 541 (8th Cir. 1988) (no right to effective assistance of counsel in civil case).

Accordingly, we affirm the judgment of the district court. We also deny BJC's motion to strike Robinson's brief and decline to assess damages or costs against Robinson.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.