## THE STATE v. TAYLOR, *Appellant.*

### Division Two, October 4, 1892.

1. **Criminal Law**: LARCENY: RECENT POSSESSION OF STOLEN PROP-ERTY: INSTRUCTIONS. On a trial for grand larceny an instruction is erroneous which tells the jury that, if they believe the meat found in defendant's possession was part of the heifer "alleged" to have been stolen, and that such possession was unexplained, they could return a verdict of guilty.

2. ———: ———: ———: ———. Such instruction is improper in that it either assumes that the heifer was stolen or authorizes a presumption of guilt from the possession of property which is simply alleged to have been stolen.

3. ———: CIRCUMSTANTIAL EVIDENCE: INSTRUCTIONS. An instruction that, "before you can convict on circumstantial evidence, it must be of such character and weight as to exclude all reasonable hypotheses of defendant's innocence" is too meager, and fails to state the rule in such a way as to make it a safe guide for the jury.

*Appeal from Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

*James Masters* for appellant.

(1) The judgment should be reversed and defendant discharged because the *corpus delicti* was not proved. (2) The evidence was not sufficient to support the verdict. (3) The third instruction given by the court on its own motion improperly assumes that the heifer was stolen, and is of too restrictive a character. *State v. Bruin*, 34 Mo. 541; *State v. Gray*, 37 Mo. 465; *State v. Crank*, 75 Mo. 407. (4) Instruction, numbered 4, given by the court on its own motion, does not properly state the law on circumstantial evidence.

*John M. Wood*, Attorney General, for the State.

(1) The indictment properly charges the offense of grand larceny under section 3556, Revised Statutes. *State v. Lawn*, 80 Mo. 241. (2) The instructions succinctly and correctly declare the law on all the issues in the case, and are conspicuous in their absence of the usual verboseness, and deserve to be commended therefor. Possibly an instruction could have been given upon the question of flight in view of the evidence introduced, but as this would have been against the interests of the defendant, and the failure to do so was in his favor, it is not a matter of which he can complain. (3) There was not a particle of evidence introduced in support of the ninth, tenth, eleventh and twelfth allegations in the motion for a new trial. "Facts stated in the motion for a new trial are not proved by the motion itself." *State v. McDaniel*, 94 Mo. 301. (4) The ninth and tenth allegations are disproved by the affidavit filed by the state. (5) No exceptions were saved as to the matters referred to in the eighth assignment in the motion for a new trial. (6) The seventh assignment in the motion for a new trial is a novel one indeed, and needs no special comment.

GANTT, P. J.—The defendant was indicted and convicted of grand larceny in the circuit court of Cedar county at the October term, 1891. He assigns many reasons why he should have a new trial; but, without enumerating them, it is sufficient to say that his exceptions to the instructions of the court, afford the only meritorious ground for impeaching the verdict, upon the record here.

The court, among other instructions, gave the following of its own motion. "3. The court instructs

the jury that recent possession of stolen property unexplained is presumptive evidence of guilty possession. Therefore, if you believe from the evidence that the meat found in the possession of the defendant was part of the heifer alleged to have been stolen and that said possession has not been explained to your satisfaction by the evidence in the case, you are at liberty to infer that such possession was an unlawful and guilty possession.

"4. Before you can convict on circumstantial evidence it must be of such character and weight as to exclude all reasonable hypothesis of defendant's innocence."

The evidence connecting defendant with the offense was principally circumstantial, and, had the jury been properly instructed, we would not have interfered with the verdict on the ground that the evidence was not sufficient to sustain it.

The counsel for defendant does not controvert the general proposition, that where a larceny has been committed the exclusive possession of the stolen goods recently thereafter by another person raises a presumption of the guilt of the person having such possession, and unless such possession is explained in a manner consistent with his innocence, the presumption becomes conclusive of guilt. *State v. Kelly*, 73 Mo. 608; *State v. Babb*, 76 Mo. 501.

But, he contends that this instruction, in this case, has no support in the decisions of this court, or in the text-books. The presumption is a branch of the law of circumstantial evidence. While the rule is not now an open question in this state, there is certainly no disposition in the courts to invade the province of the jury, and determine for them the facts upon which it is based, nor render more questionable the foundations of a presumption, so often and so ably attacked. The

rule requires the jury to find, *first*, the fact, that the property was stolen, and, *secondly*, that, recently after the commission of the theft, the defendant was in the exclusive possession of the fruits of the crime.    It takes a concurrence of these two facts to create the presumption of guilt.

In this instruction the circuit court did not require of the jury to find that the meat found in defendant's house was a part of a *stolen* animal, but a part of *an animal alleged to have been stolen*, and required at the defendant's hands an explanation of his possession.    If we take the view that the court *assumed* that the heifer was stolen, and thought it unnecessary to submit that fact, then unquestionably it was error.    It is the duty of the jury to find the facts, when they are controverted and denied, as in this case, and the court should not have assumed the heifer was stolen.    *Moffatt v. Conklin*, 35 Mo. 453; *Peck v. Ritchey*, 66 Mo. 114; 2 Thompson on Trials, sec. 2295, and cases cited.

But if this was not the theory upon which the court proceeded, then the instruction is more vulnerable still, in that it announces a presumption of guilt from the possession of property that is *simply alleged to be stolen*.    This throws upon the defendant the burden of proving his innocence, before the state has established those facts from which according to the common observation and experience of mankind his guilt might be presumed and found.    In either view, it was erroneous.    As the case was one of circumstantial evidence and this presumption was invoked to assist the state in obtaining a verdict, it cannot be said to have been harmless.

II.    The instruction authorizing a conviction on circumstantial evidence alone is very meager, and failed to state the rule in such a way as to make it a safe guide to the jury.    The correct formula for this

instruction may be found in *State v. Moxley*, 102 Mo. 374, approved by the whole court as then constituted. See also *State v. Woolard, ante*, p. 248; *People v. Bennett*, 49 N. Y. 137.

As before said, the other grounds for a new trial are without merit.

For the error in .the instruction, numbered 3, the cause is reversed and remanded for a new trial. All concur.