STATE OF MISSOURI, Respondent, v. JACK GRAY, Appellant.

Kansas City Court of Appeals, May 13, 1912.

ADULTERY: Circumstantial Evidence: Instructions. An instruction on circumstantial evidence which is not alone relied upon by the State for conviction, need not be given at all by the court. But if, nevertheless, the court should give one on that head, it should embrace all the elements governing the probative force of such evidence.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris*, Judge.

REVERSED AND REMANDED.

*Gillespie & Conley* for appellant.

*E. C. Anderson* and *W. H. Sapp* for respondent.

ELLISON, J.—Defendant, an unmarried man, was indicted and convicted of living in open and notorious adultery with a married woman.

There was evidence, direct and also circumstantial, tending to prove defendant's guilt. The court gave an instruction at the instance of the state, on circumstantial evidence, in these words: The court instructs the jury that it is not necessary to prove the defendant is guilty by the testimony of witnesses who may have seen the offense committed; guilt may be shown by proof of facts and circumstances from which it may be reasonably and satisfactorily inferred."

This instruction omitted essential elements necessary to make circumstantial evidence sufficient foundation for a conviction, such as that the circumstances relied upon should be consistent with each other and with defendant's guilty and be such as to exclude to a moral certainty every other reasonable hypothesis

but that of guilt. [State v. Moxley, 102 Mo. 374; State v. Taylor, 111 Mo. 538; State v. Sasseen, 75 Mo. App. 197.]

It is claimed by the state that such rule is only applicable where all the evidence is circumstantial. That is a mistake. The ruling of the Supreme Court is that it is not necessary to give an instruction on circumstantial evidence at all unless that character of evidence alone is relied upon for conviction. [State v. Crone, 209 Mo. 316.] But though not necessary that the court give such instruction, yet if the court does give one, "it should cover the subject fully, and give such an instruction as has frequently met with approval by this court." [State v. Salmon, 216 Mo. 466, 529.]

The first instruction for the state is so restricted that it does not embrace all the elements of the crime charged. [State v. Chandler, 132 Mo. 155; State v. Sekrit, 130 Mo. 401.]

Objections to evidence seem not to have been followed by exceptions and need not be noticed. The judgment is reversed and cause remanded. All concur.