**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**William C. OLIVER, Defendant-Appellant.**

**No. 9663.**

Missouri Court of Appeals,
Springfield District.

Jan. 13, 1975.

Motion for Rehearing or To Transfer to the Supreme Court of Missouri Denied Feb. 5, 1975.

Application to Transfer Denied April 14, 1975.

John C. Danforth, Atty. Gen., Scott A. Raisher, Robert M. Sommers, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

J. Martin Hadican, Madigan, Hadican & Maloney, St. Louis, for defendant-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

An indictment filed in the Circuit Court of Franklin County charged defendant with murder in the first degree. The cause reached our bailiwick upon a change of venue to Phelps County where a jury found defendant guilty of murder in the second degree and assessed his punishment at 25 years' imprisonment. He appealed. We reverse and remand.

There was no direct testimony of eyewitnesses connecting defendant with the shooting of his estranged wife. Although most of the evidence against defendant may be classified as circumstantial, we have not been called upon to test the sufficiency of the evidence to sustain the conviction. The three points relied on by defendant concern, in order, the averred erroneousness of Instructions No. 6, No. 1 and No. 2. Because of our disposition of the appeal and the fact the instructions on retrial will be governed by MAI–CR, we attend only to Instruction No. 6, which reads: "Circumstantial evidence is the proof of facts or circumstances that give rise to a reasonable inference of other facts that tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."[1] No other in-

1. Defendant's first point relied on is: "I. The Court Erred in Giving and Reading to the Jury Instruction No. 6, the Circumstantial Evidence Instruction for the Reason that

struction regarding or defining circumstantial evidence was given.

■ Testimony was adduced by the state that defendant had made statements tantamount to admitting he had killed his wife. This constituted direct evidence of his guilt. State v. Stevens, 467 S.W.2d 10, 25[24] (Mo.1971). With direct evidence on hand, even though most of the state's evidence was circumstantial, it was not mandatory that the trial court give a circumstantial evidence instruction. State v. Orr, 493 S.W.2d 374, 376[7] (Mo.App. 1973). Nevertheless, though it was not required that the trial court give an instruction on circumstantial evidence, since it did so it should have been correct. State v. Salmon, 216 Mo. 466, 529, 115 S.W. 1106, 1125[8] (1909).

■ The cases are replete with pronouncements that when the state relies on circumstantial evidence, the circumstances, to warrant conviction, must not only be consistent with each other and the hypothesis of defendant's guilt but must point so clearly and satisfactorily to his guilt as to exclude every hypothesis of innocence [State v. Morse, 503 S.W.2d 450, 451[2] (Mo.App.1973)], and whether required or not, if an instruction on circumstantial evidence is given, the foregoing pronouncements are necessary and required elements of the charge. State v. Gray, 163 Mo.App. 696, 147 S.W. 510[1] (1912). " 'An instruction on circumstantial evidence should, *in substance*,[2] advise the jury that "the circumstances must be consistent with each other and with the hypothesis that the defendant is guilty, and inconsistent with the theory of his innocence and with every reasonable hypothesis, except that of guilt." ' State v. Conway, 348 Mo. 580, 154 S.W.2d

128, 131." State v. Huff, 353 Mo. 791, 798, 184 S.W.2d 447, 451[8] (1945). Accord, State v. Burke, 462 S.W.2d 701, 703–704 (Mo.1971); MAI–CR 3.42. Instruction No. 6 utterly failed to advise the jury of the foregoing. That was prejudicial and reversible error. State v. Hoskins, 515 S.W.2d 502, 503[3] (Mo.1974).

The judgment is reversed and the cause remanded.

All concur.

On Motion for Rehearing or To Transfer to the Supreme Court of Missouri

PER CURIAM:

Respondent-state in its motion for rehearing or to transfer to the Supreme Court of Missouri asserts for the first time that defendant failed to properly preserve his assignment anent Instruction No. 6 for appellate review because he "failed to set forth with sufficient particularity specific allegations of error in his Motion for New Trial."

■ In its respondent's brief, the state's only response to defendant's point was that the giving of Instruction No. 6 "did not constitute reversible error for the reason that when read and considered in view of the charge as a whole, it sufficiently stated the law applicable to this case." Regardless of what this unadulterated abstraction meant or was intended to mean, neither the state's point relied on nor the argument portion of its brief questioned the sufficiency of defendant's objections to Instruction No. 6 in his motion for new trial to preserve his point for appellate review. Respondents in motions for rehearing or to transfer will not be heard on aft-

the said Instruction is an Abstract Statement of Law which Highlights the Circumstantial Evidence Offered by the State over the Direct Evidence Offered by the Defendant, and the Same Instruction is an Improper Statement of Law in that it Fails to Advise the Jury that the Facts and Circumstances Proven Must be Consistent with One Another

and Point so Clearly and Satisfactorily to Guilt that Every Reasonable Hypothesis of Innocence is Excluded."

2. Reference to instruction language "in substance" is no longer appropriate since the adoption of MAI–CR.

erthoughts nor on propositions or complaints concerning the disposition of original appeals which were not raised or made in their briefs. Ackerman v. Globe-Democrat Publishing Company, 368 S.W.2d 469, 480[12] (Mo.1963), cert. denied, 375 U.S. 949, 84 S.Ct. 353, 11 L.Ed.2d 276. The motion for rehearing or to transfer is denied.

All concur.