In the ESTATE OF Roberta A. GOSLEE, Deceased.

Mike JOHNSON, Successor Personal Representative of the Estate of Roberta A. Goslee, Deceased, Petitioner–Respondent,

v.

Robert PATRICK and Norma Patrick, his wife, and Lisa D. Patrick and Michael Patrick, Respondents–Appellants.

No. 16792.

Missouri Court of Appeals, Southern District, Division Two.

April 25, 1991.

Ted M. Henson, Jr., Poplar Bluff, for respondents-appellants.

Christopher J. Miller, Maness & Miller, Doniphan, for petitioner-respondent.

SHRUM, Judge.

We are asked to review a summary judgment entered by the Probate Division of the Ripley County Circuit Court in favor of Mike Johnson, successor personal representative of the Estate of Roberta A. Goslee, deceased, in his suit for discovery of assets and possession of the decedent's real estate. Appellants are Robert Patrick and Norma Patrick, original co-personal representatives of the Goslee estate, and Lisa D. Patrick and Michael Patrick, children of Robert and Norma.

The issues preserved and presented are:

1. Did the probate division of the circuit court lack authority to grant a motion for summary judgment when the court did not explicitly order the application of Rule 74.-04 (summary judgment rule) to this proceeding pursuant to Rule 41.01(e)?

2. Did the probate division of the circuit court lack equitable power to set aside a deed in a discovery of assets proceeding?

3. In the absence of proof of intent to defraud creditors of the estate, did the trial court erroneously set aside a conveyance by the original personal representatives?

Because our answer to each question is negative, we affirm the judgment.

## FACTS

On September 10, 1986, Roberta A. Goslee executed two deeds, the effect of which was to create a joint tenancy in her real estate among herself and Norma L. Patrick and Lisa D. Patrick. After Roberta Goslee's death on December 22, 1986, appellants Robert and Norma Patrick were appointed personal representatives of her estate pursuant to the terms of her will. The initial inventory filed by the Patricks listed no real estate. Subsequently, a bank that claimed to be a creditor of the estate brought suit to set aside the September 10, 1986, deeds. On July 8, 1988, the Ripley County Circuit Court entered a judgment voiding the deeds. Twelve days later, on July 20, 1988, Robert and Norma Patrick, purporting to act as personal representatives of the Goslee estate, executed a deed attempting to convey the same real estate to their children Michael and Lisa Patrick. There was no consideration for that conveyance and it occurred without approval of the probate division of the circuit court.

On January 20, 1989, the probate court revoked the letters of administration of Robert Patrick and Norma Patrick because of their failure to respond to a citation to file a settlement in the Goslee estate. Public administrator Mike Johnson was appointed successor personal representative of the estate. Johnson filed a petition seeking to discover and possess the decedent's real estate.[1] He also filed an extensive request for admissions and, after objections were overruled, no further re-

---

1. The successor personal representative based his petition on several provisions of the Probate Code. Section 473.340, RSMo 1986, provides, in part:

    1. Any executor, administrator ... or other person who claims an interest in property which is claimed to be an asset of an estate or which is claimed should be an asset of an estate may file a verified petition in the probate division of the circuit court ... seeking determination of the title, or right of possession thereto, or both....

    ....

    3. Upon a trial ... the court shall determine the persons who have an interest in said property.... The court shall direct the delivery or transfer of the title or possession, or both, of said property to the person or per-

sons entitled thereto and may attach the person of any party refusing to make delivery as directed....

Section 473.260, RSMo 1986, provides, in part: "When a person dies, his real ... property ... passes to the persons to whom it is devised by his last will ... but it is subject to the possession of the executor or administrator ... and is chargeable with the expenses of administering the estate, the payment of other claims and allowances to the family...."

Section 473.263, RSMo 1986, provides, in part: "2. The court ... may order the executor or administrator to take possession of the real estate of the decedent when necessary for the payment of claims or for the preservation thereof."

sponse was made by appellants to that request. Many of the above facts are drawn from the request for admissions.

The successor personal representative then filed a motion for summary judgment, relying on the request for admissions and its attached documents. The motion for summary judgment was sustained, the July 20, 1988, deed naming Michael Patrick and Lisa Patrick as grantees was held to be "null and void," and the trial court awarded possession of the real estate to the successor personal representative. The Patricks appeal from that summary judgment.

## ANALYSIS AND DECISION

■ First, appellants say that summary judgment under Rule 74.04 was not available to the successor personal representative in a discovery of assets proceeding under § 473.340 because the trial court did not, in accordance with Rule 41.01(e), explicitly order the application of the rules of civil procedure.[2] That argument is answered by § 473.340.2, RSMo 1986, which provides that "[s]ervice of summons, petition and answer thereto together with all subsequent proceedings shall be governed by the Missouri Rules of Civil Procedure." Summary judgment is available in a discovery of assets proceeding because the statute so provides. *Estate of Heidt*, 785 S.W.2d 668, 669 (Mo.App.1990). Appellants' first point is rejected.

■ Next, the appellants say that in a discovery of assets proceeding under § 473.340, the probate division of the circuit court does not have equitable power to set aside a deed. Seemingly, the appellants' position is that the trial court could not set aside the deed because § 473.340 does not specifically authorize the exercise of equitable power and does not explicitly empower the probate division to set aside a deed.

The Probate Code of 1955 gave the probate court "the same legal and equitable powers to effectuate and to enforce its orders, judgments and decrees in probate matters as the circuit court has in other matters...." Section 472.030, RSMo 1959. The language of the current version of § 472.030 is identical in all relevant respects.

Our supreme court has said that the language of § 472.030 "is clear" and that "the legislature meant just what it said.... We therefore must conclude that it was intended that this section would give probate courts complete and unrestricted equitable powers 'in probate matters.'" *In re Estate of Myers*, 376 S.W.2d 219, 224 (Mo. banc 1964). Moreover, the discovery of assets statute (§ 473.340) has been amended several times since its enactment in 1955, and the amendments have tended to expand the jurisdiction of the probate division so that § 473.340 now applies to all species of property, including real estate. *In re Estate of Lloyd*, 676 S.W.2d 889, 890–91 (Mo.App.1984).

In a discovery of assets proceeding, the petitioner "does not have to label the cause as one in equity when the relief and principles involved are clearly equitable." *Estate of Cantonia v. Sindel*, 684 S.W.2d 592, 595 (Mo.App.1985). Moreover, a probate court in a discovery of assets proceeding has the inherent power "to adjust equity between the parties without rigid adherence to any determined form and may shape the remedy to meet the demands of justice." *Id.* This includes the power to set aside a deed.[3] This point is ruled against appellants.

■ In their third point, appellants claim that the judgment is not supported by substantial evidence. They appear to base their assertion on the mistaken contention

---

**2.** Rule 41.01(c) provides: "Rules 41, 56, 57, 58, 59, 60, 61, and 62 apply to proceedings in the probate division of the circuit court." Rule 41.01(e) provides: "The judge of the probate division of the circuit court may order that any or all of Rules 41 through 101 shall be applicable in a particular matter."

**3.** The cases appellants cite in their brief do not support their argument. *Mathews v. Pratt*, 367 S.W.2d 632 (Mo.1963), involved a circuit court suit "in equity to declare, establish and enforce a trust...." *Id.* at 636. The circuit court dismissed the petition stating that plaintiff had an adequate remedy at law in probate court under the discovery of assets procedure. Our supreme court reversed and, by way of dictum, said, "It

that the petitioner was required to plead and prove that the conveyance was made "with intent to hinder, delay and defraud creditors." We acknowledge that such allegation appears in the petition to discover assets. However, the successor personal representative also alleged that the conveyance was made by appellants Robert and Norma Patrick to their children without court approval and without consideration. Those allegations were admitted by appellants, and such admission, standing alone, is sufficient to support the trial court's action in setting aside the deed.

None of the requirements for creation of an independent administration existed. *See* § 473.780, RSMo 1986. As a result, appellants Robert and Norma Patrick were supervised personal representatives. "It is clearly established that a supervised personal representative, except if acting pursuant to a power granted in decedent's will, has no power to sell his decedent's real property unless authorized by an order of the probate division." 5A J. Borron & F. Hanna, Mo.Prac. § 1061 (1990), citing *Steinbaum v. Wallace*, 237 Mo.App. 841, 852, 176 S.W.2d 683, 689 (1944). If a personal representative has no power to sell the land of a deceased without an order or decree of the court, a sale agreement made by him before obtaining such order is "utterly void, incapable of being enforced in law or in equity." *Steinbaum*, 176 S.W.2d at 689.

Appellants had no authority under the will or by court order to sell the property. The decedent's will granted no power to them to sell real estate, thus making inapplicable § 473.457, RSMo 1986 (authorizing sale of property under power in will). Section 473.810(16) (authorizing an independent personal representative to sell real estate) did not apply because there was no independent administration. There was no order of sale made by the probate division on its own motion as authorized by § 473.490, and the probate division did not order the disposition of the real estate under § 473.293 as being valueless or of no benefit to the estate.[4]

Failing to find authority from any other source to sell a decedent's real estate, a personal representative must obtain such authority by following the procedure outlined in § 473.493.[5] Robert and Norma Patrick failed to obtain authority pursuant to § 473.493. We hold that such failure rendered the conveyance void. We find no merit in Point III of the appellant's brief.

■ We reproduce appellants' final point relied on in its entirety. "The Probate Division erred in sustaining the petition for discovery of assets and in setting aside the deed in question because the Probate Division did not have jurisdiction to do these things under the applicable statutes and case law." This point relied on violates Supreme Court Rule 84.04(d) which re-

---

may be that the Probate Court would have the power to do the same things [declare, establish, and enforce a trust] in a discovery [of assets] proceeding under the existing Code, contrary to what has so long been declared. We do not so decide here." *Id.* at 637. The appellants also cite *In re Estate of Frech*, 347 S.W.2d 224 (Mo. 1961). Appellants omit reference to the subsequent treatment given *Estate of Frech* by the supreme court sitting en banc in *Estate of Myers* in which the court noted that in *Frech*, "without any reference to § 472.030, prior decisions were approved which greatly restricted the equitable jurisdiction of probate courts. Since § 472.030 was not called to the attention of the court, nor considered, in *Frech*, we will not consider that case in our determination of the meaning and effect of that statute." 376 S.W.2d at 223.

4. Because the conveyance of the decedent's real estate was without consideration, the existence of independent administration or a court order to sell likely would not permit the transfer to

stand. Section 473.810 requires independent personal representatives to act "reasonably for the benefit of the interested persons." "Interested persons" includes creditors of the estate. Section 472.010(15). Section 473.500 requires that property sold at private sale pursuant to court order be sold for not less than three-fourths of the appraised value.

5. Section 473.493, RSMo 1986, provides, in part:
    1. An executor or administrator may file a petition to sell ... any real property belonging to the estate. The petition shall set forth the reason for the application and describe the property involved.... Upon the filing of the petition, the court shall fix the time and place for the hearing thereof.
    2. Notice of the hearing shall ... be given to heirs and devisees ... and to such other persons as the court directs.....
    3. At the hearing and upon satisfactory proofs, the court may order the sale ... of the property....

**556**

quires an appellant to state *wherein* and *why* a challenged action or ruling is claimed to be erroneous. Compliance with Rule 84.04(d) is discussed in detail in *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). The three components of a point relied on have been succinctly stated as:

> (1) a concise statement of the challenged ruling of the trial court,
>
> (2) the rule of law which the court should have applied (the *why* of Rule 84.04(d)), and
>
> (3) the evidentiary basis upon which the asserted rule is applicable (the *wherein* of Rule 84.04(d)).

*Hoffman v. Koehler*, 757 S.W.2d 289, 292 (Mo.App.1988). Another articulation of the *wherein* requirement of Rule 84.04(d) appears in *State ex rel. Mayfield v. City of Joplin*, 485 S.W.2d 473, 475 (Mo.App.1972): A point relied on should advise the court (and the opposing party) of "the way in which the trial court incorrectly applied [controlling] principles [of law] or misconstrued the facts." Appellants' fourth point fails to satisfy this requirement.

A point relied on that does not comply with Rule 84.04(d) preserves nothing for review. *Hoffman*, 757 S.W.2d at 292. Despite the infirmities in the point relied on, we may look to the argument portion of the brief to determine if there was plain error which would permit relief under Rule 84.13(c). *Hoffman*, 757 S.W.2d at 292. Here, however, appellants' argument does not shed any light on the basis for the appellants' claim of error and fails to remedy the deficiency in the point relied on. *See Pillow v. Sayad*, 655 S.W.2d 816 (Mo.App. 1983). Because the argument does not support, by rationale or authority, the point relied on, we deem the point abandoned. *Boswell v. Steel Haulers, Inc.*, 670 S.W.2d 906, 912 (Mo.App.1984).

We affirm the judgment.

FLANIGAN, C.J., and PARRISH, P.J., concur.