In re the MARRIAGE OF McCOY.

Carl H. McCOY, Petitioner–Appellant,

v.

Rita K. McCOY, Respondent–Respondent.

No. 17420.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 6, 1991.

Cheryl A. Capages, Springfield, for petitioner-appellant.

James R. Sharp, Wear, Karchmer & Nelms, Springfield, for respondent-respondent.

SHRUM, Presiding Judge.

In this domestic relations case, the husband Carl H. McCoy appeals portions of the decree dissolving his 10–year marriage to the wife Rita K. McCoy. The husband contends that the trial court erred in designating non-marital property, dividing marital property, and awarding attorney fees to the wife. We reverse the award of attorney fees to the wife but affirm the remainder of the judgment.

## PRELIMINARY QUESTION:

### WAS THE APPEAL TIMELY?

By motion, the wife claims that the husband's appeal was not timely filed and urges that it should be dismissed. She bases her claim on these facts: the trial

court made an extensive docket entry on January 16, 1991; no motion for a new trial was filed; and the notice of appeal was not filed until March 5, 1991. Arguing that the docket entry should be considered as the judgment, she says the judgment became final on February 15, 1991. Rule 81.05.[1] Pursuant to Rule 81.04(a),[2] the notice of appeal must be filed within ten days after the judgment becomes final; hence, if the docket entry is a final judgment, the notice of appeal was due on or before February 25, 1991.

■ In this case, the docket entry includes extensive findings of fact and rulings, couched in intelligible language, concerning all issues. Under such circumstances, a docket sheet entry can be a final judgment. *See, e.g., Magee v. Mercantile–Commerce Bank & Trust Co.*, 339 Mo. 559, 561, 98 S.W.2d 614, 616 (1936); *In re the Marriage of Huey*, 716 S.W.2d 479, 480 (Mo.App.1986); *Byrd v. Brown*, 641 S.W.2d 163, 166 (Mo.App.1982). Relying on cases enunciating the foregoing principle, the wife urges us to determine that the date of this judgment, for purposes of appeal, is the date of the docket entry and to conclude that the appeal is, therefore, untimely. For the reasons that follow, we decline to draw the conclusions that the wife urges.

As a part of its January 16, 1991, docket entry, the trial court made the following order: "Resp's atty ordered to prepare a formal decree." That order was complied with; a formal decree was prepared. The trial court signed the formal decree on February 4, 1991, and the docket sheet reflects the filing of the formal decree on February 4, 1991.

Although we have recognized that a docket entry can be a final judgment, we held in *Munn v. Garrett*, 666 S.W.2d 37, 39 (Mo.App.1984), that a trial court request to

---

1. Rule 81.05 provides, in part:
   (a) **Finality as Affected by After–Trial Motions.** For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed.

2. Rule 81.04(a) provides, in part:
   No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final.

an attorney to prepare a "formal judgment," which the trial court thereafter signed, established that the trial court did not intend the docket entry to constitute the document which finally determined the rights of the parties; thus the docket entry was not the final judgment. *"Munn* was followed in this district by *Orgill Bros. and Co., Inc. v. Rhodes,* 669 S.W.2d 302, 303–304 (Mo.App.1984), and in the Western District by *Grantham v. Shelter Mutual Ins. Co.,* 721 S.W.2d 242, 245 (Mo.App. 1986)." *State ex rel. McDaniel v. Pinnell,* 741 S.W.2d 852, 854 (Mo.App.1987).

Although the Eastern District might have reached a contrary result in *Riek v. Riek,* 708 S.W.2d 826, 828 (Mo.App.1986), we believe we should remain consistent with our holdings in *McDaniel, Munn,* and *Orgill Bros. See McDaniel,* 741 S.W.2d at 855. Despite the completeness of the trial court's docket entry, it is clear from the request for a formal order and the subsequent entry of a formal order on February 4, 1991, that the trial court did not intend for the docket entry to be the final judgment. Because the "formal decree" entered on February 4, 1991, was the final judgment contemplated by the trial court, the husband's notice of appeal was timely filed. The wife's motion to dismiss the appeal is denied.

### FACTS

The parties were married in 1980; no children were born of the marriage. At the time of trial, the husband, a retired truck driver, was 65 years old. The wife, who was a waitress, was ten years younger.

Each owned some property when they married. Included in the wife's pre-marital property was a house and lot in Davenport, Iowa, which she had inherited. Approximately one year after the marriage, the husband's name was added to the title to the Iowa property; the parties gave various—and differing—reasons to explain why. At trial, the parties testified that the

Iowa real estate had been sold on contract and the approximate unpaid balance on the contract was $38,500. There was also evidence that, before selling the Iowa real estate, the parties had expended $4,451 in marital funds on repair and remodeling of the property.

By its decree, the trial court dissolved the marriage, declined to award maintenance to either party, and ordered the husband to pay $2,000 of the wife's attorney fees. In dividing property, the trial court determined that $33,949 of the proceeds due on the Iowa real estate contract was the wife's non-marital property [3] and that $4,551 of the contract proceeds was marital property which it awarded to the wife. The court awarded the wife additional marital property valued at $39,847, giving her a total marital property value of $44,398 before adjustments. It awarded the husband marital property valued at $29,613 but ordered the wife to pay to the husband the sum of $7,000 "[i]n order to equalize the division of marital property in this case."

It is from that judgment that the husband appeals.

### ISSUES ON APPEAL

In one of his points relied on, the husband responds to the wife's argument that the notice of appeal was not timely filed, an issue already addressed in this opinion. We reproduce in their entirety the husband's remaining points relied on.

I.    The court erred in how it designated marital property

II.   The court fail [sic] to follow R.S.Mo. 452.330.1 in dividing marital property

III.  The court erred in awarding respondent attorney fees

■■■ Each of these points relied on violate Supreme Court Rule 84.04(d) which requires that the husband state *wherein* and *why* a challenged action or ruling is claimed to be erroneous. *Estate of Goslee,* 807 S.W.2d 552, 555–56 (Mo.App.1991).

---

**3.** In addition to designating $33,949 of the Iowa real estate contract as the wife's non-marital property, the court awarded the wife additional property (exhibit "A") valued at $75,793, charac-terized in the decree as non-marital. The husband does not contest the characterization or the award of the exhibit "A" property to the wife.

The three components of a point relied on can be succinctly stated as:

(1) a concise statement of the challenged ruling of the trial court,

(2) the rule of law which the court should have applied (the *why* of Rule 84.04(d)), and

(3) the evidentiary basis upon which the asserted rule is applicable (the *wherein* of Rule 84.04(d)).

*Estate of Goslee,* 807 S.W.2d at 556, *citing Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo.App.1988). For another articulation of the *wherein* requirement, *see Estate of Goslee* where we observed that the *wherein* portion of a point relied on should advise the court and the opposing party of the way in which the trial court incorrectly applied controlling principles of law or misconstrued the facts. 807 S.W.2d at 556.

Compliance with Rule 84.04(d) is discussed at length in *Thummel v. King,* 570 S.W.2d 679 (Mo.banc 1978), *Midwest Materials Co. v. Village Development Co.,* 806 S.W.2d 477, 483 n. 1 (Mo.App.1991), and numerous other Missouri appellate court opinions. The husband's points relied on are remarkably similar to the points condemned in *Thummel. See* 570 S.W.2d at 684.

■ Points relied on that do not comply with Rule 84.04(d) preserve nothing for review. Despite such infirmity, we may look to the argument portion of the brief to determine if there was plain error which would permit relief under Rule 84.13(c). *Goslee,* 807 S.W.2d at 556. With respect to the husband's Points I and II, we find no plain error.

### ATTORNEY FEES

In his argument under Point III, the husband claims the evidence does not support the trial court's ordering him to pay the wife's $2,000 attorney fees.

■ A trial court is authorized under § 452.355.1, RSMo Cum.Supp.1990, to order the husband to pay the wife's attorney fees, but it is required to consider the fi-nancial resources of both parties before doing so. *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo.banc 1979). Factors other than financial resources also are to be taken into account, and how the factors balance will vary from case to case. *Id.* "Cases post-dating *Kieffer* indicate that the 'financial resources' of the respective parties contemplates consideration of which party is best financially able to bear … attorney's fees and costs of litigation." *Weiss v. Weiss,* 702 S.W.2d 948, 958 (Mo.App.1986). A trial court has broad discretion in awarding attorney fees in dissolution cases, and only on a showing of an abuse of that discretion will an appellate court interfere with an attorney fee award. *Kieffer,* 590 S.W.2d at 919.

■ By the judgment in this case, after the wife paid $7,000 to the husband, she had property—marital and non-marital—valued at $147,140.[4] The husband's property was valued at $36,613, after he received the $7,000. He was retired and living on a fixed monthly income of $1,269.16 (social security and pension). The wife was still employed and, according to her income statement, had a monthly income of $1,714.37 from her employment, the Iowa real estate contract payment, and a fund she owned in Germany. She had an interest in German real estate valued at $40,000. Under the peculiar facts of this case, we conclude that awarding attorney fees to the wife was plain error.

We reverse the portion of the judgment which orders the husband to pay the wife's attorney fees. In all other respects, we affirm the judgment.

FLANIGAN, C.J., and MONTGOMERY, J., concur.

---

**4.** If $33,949 of the Iowa real estate contract was the wife's non-marital property, then she had non-marital property valued at $109,742 and marital property valued at $37,398 (after the $7,000 payment to her husband). If all of the Iowa property was marital, then the wife's non-marital property had a value of $75,793 and her marital property had a value of $71,347 (after the $7,000 payment).