**Glenda GRAF, Appellant,**

v.

**WIRE ROPE CORPORATION OF AMERICA, Respondent.**

**No. WD 45952.**

Missouri Court of Appeals, Western District.

July 6, 1993.

Memorandum Denying Motion for Rehearing and/or Transfer to Supreme Court Sept. 28, 1993.

Application to Transfer Denied Oct. 26, 1993.

David Wellington Whipple, Kansas City, for appellant.

R. Dan Boulware, St. Joseph, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff Glenda Graf appeals from a judgment for defendant Wire Rope Corporation, based upon jury verdicts in her claims for damages for sexual discrimination against her in the workplace, section 213.055.1(1)(a) RSMo 1986; and for her alleged wrongful discharge by Wire Rope in retaliation for her complaint to her superiors about sex discrimination, section 213.070(2) RSMo Supp.1992.

Plaintiff was employed by Wire Rope on September 28, 1987, for a 60-day probationary period. She was discharged November 23, 1987, by supervisor George Brumbeck. Plaintiff testified to her supervisor's, Mike Guinn's, derogatory remarks about women employees, about his rudeness to her, and about his failure to help her and another probationary female employee with problems they had with the machines they were working on.

Shortly after plaintiff had complained to management about this allegedly discriminatory treatment, she was discharged. Mr. Brumbeck told Glenda Graf she was being discharged for excessive absenteeism, for she had three absences.

At trial, Terry Campbell, the manager of the wire mill, gave additional reasons for the discharge of Glenda. He said she had the lowest productivity and the highest downtime. He said also her parking her car in the executive parking lot entered into the decision, as well as "feedback off the floor."

Glenda Graf in her testimony explained her absences from work. She testified that no one had ever spoken with her about the absenteeism or the faults Mr. Campbell testified to at the trial.

Defendant does not claim that plaintiff did not make a submissible case, so the foregoing facts will suffice for present purposes.

Plaintiff's first complaint is about the admission of certain evidence. This evidence was that plaintiff, on her application for employment with Wire Rope Corporation, had given false answers to questions about her previous employment—particularly, that she had misrepresented the times and durations of earlier jobs, and the reasons for termination. These matters are not claimed to have had anything to do with Glenda Graf's termination by Wire Rope, but were evidently discovered later.

Plaintiff sought to exclude this evidence by an in limine motion, which the trial court denied. During cross-examination, defense counsel—without any objection from plaintiff—confronted plaintiff with her employment application answers with respect to past employment, and confronted her with her later inconsistent deposition testimony and interrogatory answers with respect thereto. For example, plaintiff's Wire Rope application showed she had worked for Affiliated Foods from 1977 to 1981, after which she was "laid off." She admitted on cross-examination she had worked at Affiliated Foods only two months. She said also on cross-examination that she had no idea when this two months' employment was, and that it was not between 1976 and 1982. Defendant then in its part of the case put on proof by Affiliated Foods personnel records that Glenda Graf had worked at Affiliated Foods from August 3 to August 14, 1987, and had voluntarily quit with the explanation that there was a lot of walking involved in the job and it hurt her feet.

Defendant put on extrinsic proof that plaintiff had worked for Friskies Pet Care from April 12, 1982, to February 4, 1987, and was terminated when, without advance notice, she did not show up for work after a vacation.

With respect to her previous employment with Missouri State Grain, Glenda Graf had answered on her Wire Rope application that she was "laid off." On cross-examination, she testified she had voluntarily quit her Missouri State Grain employment, but that the Department of Agriculture records showed that she was fired for insubordination. Defendant then put on a Missouri Department of Agriculture employee to prove that Glenda Graf, instead of having quit voluntarily, had been discharged for insubordination as of August 3, 1987. The insubordination consisted of her telling her immediate supervisor she "was not going to probe no

fucking beans." One of the duties of her job was to insert a long probe in a carload of soy beans, in order to get samples of the beans at various levels. The termination and the reason therefor were in a letter from the Department of Agriculture to Glenda Graf.

■ Plaintiff made no objection to the cross-examination of plaintiff with respect to her false answers on the Wire Rope employment application. By failing to object, she waived any objection thereto and she may not advance the allowance of the cross-examination as error on appeal. *Schisler v. Rotex Punch Co. Inc.,* 746 S.W.2d 592, 594 (Mo. App.1988). The court's adverse ruling on plaintiff's motion in limine preserves nothing for review on appeal, *State ex rel. Missouri Highway and Transp. Comm'n v. Vitt,* 785 S.W.2d 708 (Mo.App.1990); one must object to the evidence when offered in order to preserve its admission as error on appeal. *Id.*

■ Plaintiff's main target, however, is not the proof of plaintiff's misrepresentations by way of cross-examination of plaintiff herself. Her main target is the introduction by defendant of extrinsic testimony to show the falsity of plaintiff's answers on her employment application, and to contradict plaintiff's cross-examination testimony with reference thereto. The trial judge was clearly troubled by this evidence, and did in fact limit the defendant's excursions to some extent. To this testimony plaintiff duly objected, and carried forward her objections in her motion for a new trial and in her brief on appeal. We hold the evidence was erroneously admitted. The case became ensnarled in collateral questions about plaintiff's employment application answers, and about her prior employment record.

This case illustrates the wisdom and the utility of the rule that a cross-examiner is bound by a witness's answer upon a collateral matter (with exceptions not applicable here), and that he may not then introduce extrinsic evidence to contradict the witness's answer. *Hurlock v. Park Lane Medical Center, Inc.,* 709 S.W.2d 872, 877 (Mo.App.1985). That case says,

At the outset, note is taken of the general rule that an opposing party is bound by a witness' answers elicited on cross-examination with respect to collateral matters inquired into for purposes of impeachment and is not permitted to introduce extrinsic evidence to refute the witness' answers. *Overfield v. Sharp,* 668 S.W.2d 220 (Mo. App.1984). The logic or rationale underpinning this general rule is explicated as follows: "Two considerations are served by the rule. The jury is shielded from the interminable proliferation of issues which otherwise would allow the court to go into the merits of all such collateral matters, and instead of trying the one lawsuit, the court might well be called upon to try as many questions as there were collateral matters presented. *Hoffman v. Graber,* 153 S.W.2d 817, 820 (Mo.App.1941). Also, it avoids the unfairness and the surprise of requiring the opposing party to meet and disprove issues not raised by the pleadings." 668 S.W.2d at 223.

*Hurlock,* 709 S.W.2d at 877.

See also *State v. Cleveland,* 583 S.W.2d 263, 267 (Mo.App.1979); *Missouri Evidence Restated,* Sec. 608(b); Fed.R.Evid. 608; 3A Wigmore, *Evidence,* Sec. 982 (Chadbourne rev. 1970).

Defendant says, however, that Glenda Graf's false statements on her Wire Rope employment application were not collateral matters, to which the above exclusionary rule applies. Defendant is unable to support this claim by authority or by argument. The extrinsic evidence of the falsity of Glenda Graf's employment application statements could not have been admitted, because irrelevant, to disprove any element of plaintiff's case, nor to prove any element of defendant's defense. Its only relevance and its only claim to admissibility was upon the issue of Glenda Graf's veracity. This is by definition a collateral matter. *Hurlock,* 709 S.W.2d at 877. The erroneous admission of the extrinsic proof to contradict plaintiff's testimony on matters collateral to the issues in the case requires reversal.

■ Plaintiff also complains of a retaliatory discharge verdict-directing instruction offered by defendant and given by the court.

The issue may come up on retrial. The instruction read as follows:

> Your verdict must be for plaintiff on her claim for retaliation if you believe:
>
> First, that Plaintiff reasonably believed that Defendant discriminated against her in the workplace based upon her sex; and
>
> Second, that Plaintiff opposed such conduct of Defendant; and
>
> Third, that such opposition by Plaintiff caused or contributed to cause Plaintiff's discharge by Defendant; and
>
> *Fourth, that the reason given by Defendant for discharging Plaintiff was not the true reason; and*
>
> Fifth, that Plaintiff was thereby damaged. (emphasis added)

Plaintiff says the italicized portion of the instruction placed too great a burden upon her.

Plaintiff is correct on this point; the italicized portion should have been omitted.

Defendant defends the criticized paragraph on the basis of *Womack v. Munson,* 619 F.2d 1292 (8th Cir.1980), *cert. denied, Munson v. Womack,* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981) and *Robinson v. Monsanto Co.,* 758 F.2d 331 (8th Cir.1985). Those cases (and others, see *Midstate Oil v. Missouri Comm'n on Human Rights,* 679 S.W.2d 842 (Mo. banc 1984); *Missouri Comm'n on Human Rights v. City of Sikeston,* 769 S.W.2d 798 (Mo.App.1989)), have to do with "the order and allocation of proof," see *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973), and are for the court alone. They do not add an additional element for plaintiff to prove in order to make a prima facie case.

Judgment reversed and cause remanded for a new trial.

All concur.

## MEMORANDUM ON REHEARING

PER CURIAM.

■ In its motion for rehearing, Wire Rope advances a new ground upon which the extrinsic evidence of Glenda Graf's false answers on her employment application were entitled to admission into evidence. Rather than impeachment evidence, going to Glenda Graf's credibility, the ground now offered is a substantive one—that, even though Glenda Graf's false employment application answers did not enter into her discharge by Wire Rope, since their falsity had not been discovered at the time of her discharge—still, since Wire Rope would have discharged her because of the falsity of the answers if and when the falsity was discovered, Glenda Graf suffered no remediable injury by her discharge, even though the actual reason for her discharge was the impermissible reason that she was a woman. For this proposition, Wire Rope cites *Summers v. State Farm Mut. Auto. Ins. Co.,* 864 F.2d 700 (10th Cir. 1988).

In *Summers,* the employer after an employee's discharge (alleged by the employee to have been motivated by his age and his religion) discovered evidence of pervasive misconduct by the employee in his employment. *Summers,* 864 F.2d at 702–03. This employee misconduct, which would have justified discharge, and which would indeed have caused the employer to discharge the employee, was held to entitle the employer to summary judgment. *Id.* at 709. In another case cited by Wire Rope, an unpublished memorandum, *Collor v. Thermal Science, Inc.,* E.D.Mo. No. 90–1537(5), evidence submitted in support of employer's summary judgment motion, uncontradicted by the plaintiff employee, established that employer would have summarily discharged employee upon discovery of falsity of employee application answers.

■ We did not consider this "after acquired evidence" rule in our decision. The issue whether the after acquired evidence would have caused Wire Rope to discharge Glenda Graf was never an issue in the trial nor on the appeal. It was not raised in Wire Rope's answer. See Rule 55.08. There was no evidence that the falsity of Glenda Graf's employment application answers, if and when discovered, would have caused Wire Rope to discharge her. We cannot assume that it would have done so. An employer might waive a well-performing employee's false employment application answers. (Glenda

**592**

Graf's false answers on her employment application is different from the pervasive and continuing employee misconduct involved in *Summers.*) The issue was not submitted to the jury; Wire Rope offered no instruction on the issue. It was not addressed either in Glenda Graf's or Wire Rope's brief here. New issues raised in motions for rehearing are not considered. *Irwin v. Globe–Democrat Publishing Co.,* 368 S.W.2d 452, 458 (Mo.1963); *Allen v. Globe–Democrat Publishing Co.,* 368 S.W.2d 460, 467 (Mo.1963); *State v. Oliver,* 520 S.W.2d 99, 101 (Mo.App. 1975).

The record in another trial may present the after-acquired evidence issue raised by Wire Rope's motion for rehearing. The record in the present case does not.

The motion for rehearing is denied.